IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>THE UNKNOWN HEIRS, DEVISEES, SUCCESSORS IN INTEREST AND CLAIMANTS TO THE ESTATE OF CHARLES W. STEINER, DECEASED; TRIANGLE LAND & CATTLE COMPANY, INC. *aka* TRIANGLE RANCH; CAROL GILBERT; DONALD BARNHILL and JOHN DOE AGENTS, EMPLOYEES OR CONTRACTORS OF CAROL GILBERT; STATE OF IDAHO STATE TAX COMMISSION; RINGERT CLARK CHARTERED; WINTERCAMP RANCH TRUST; JOHN CHARLES STEINER *aka* JOHN STEINER; LORNA DEE STEINER *aka* LORNA STEINER; G.J. VERTI-LINE PUMPS, INC., an Idaho Corporation; IDAHO POWER COMPANY, an Idaho Corporation; ANTHONY MILNE, JR. and JANE DOE MILNE, Husband and Wife; JOHN DOE MILNE and MARY ELLEN MILNE, Husband and Wife; JAY JOHNSON and JANE DOE JOHNSON, Husband and Wife; WILLIAM W. STEINER; SAMUEL STEINER; and PHYLLIS RUSSEL,<br><br>           Defendants. | Case No. CV-05-266-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**Memorandum Decision and Order – Page 1**

_____)

## INTRODUCTION

The Court has before it motions for summary judgment filed by the FSA and the Steiners (William & Phyllis), and two Rule 56(f) motions filed by John Steiner. The Court heard oral argument on March 6, 2007, and granted the Rule 56(f) motions from the bench. The Court will deny the motions for summary judgment at this time without prejudice to the rights of the parties to re-file them (along with new briefing) after the discovery is completed. Other matters were discussed at the hearing that will be set forth below.

## LITIGATION BACKGROUND

In 1979, Charles W. Steiner entered into mortgages and security agreements with the Farm Service Agency (FSA) concerning ranch property in Owyhee County. In 1998, he filed a Chapter 11 bankruptcy, and two years later a plan was confirmed that modified the amount of the promissory notes while leaving the mortgages in place. The plan stated that Charles's son, John Steiner, would implement the plan if Charles was unable to do so.

Charles passed away in 2001, and John Steiner continued to operate the ranch property and make payments on the mortgages. No probate proceedings were ever initiated concerning Charles's property.

**Memorandum Decision and Order – Page 2**

Claiming that the mortgage payments were in default, the FSA filed this foreclosure action in 2005.  The FSA named as defendants, among others, the heirs of Charles Steiner: (1) John Steiner; (2) William Steiner; (3) Samuel Steiner; and (4) Phyllis Russell Steiner.  The FSA also named Donald Barnhill and the Wintercamp Ranch Trust.  These two defendants owned a ranch adjacent to the Steiner property, and claimed two interests in the Steiner property: (1) an easement of ingress and egress, and (2) a materialman's lien for costs incurred to repair a dam/spillway on the Steiner property.

Two of the heirs, William Steiner and Phyllis Steiner, filed a cross-claim against, among others, their fellow heirs (Samuel Steiner and John Steiner) and the adjacent landowners (Barnhill and the Wintercamp Ranch Trust).  That cross-claim seeks a ruling (1) quieting title to the Steiner property (real & personal) in the Steiner heirs (all four of them), and (2) declaring that the rights of William and Phyllis Steiner in the property are superior to any liens or encumbrances filed by others, including Samuel Steiner, John Steiner, Barnhill, and the Wintercamp Ranch Trust.

Barnhill and the Wintercamp Ranch Trust counterclaimed against the FSA (and counter-cross-claimed against the Steiner defendants) to foreclose their materialman's lien for the costs incurred repairing a dam/spillway on the Steiner

**Memorandum Decision and Order – Page 3**

property. The FSA has since admitted that the materialman's lien is superior to the FSA mortgages, and the FSA does not object to the counterclaim.

John Steiner also filed a counterclaim against the FSA. He asserts that the FSA reneged on an agreement they had reached concerning the mortgages and ignored his payments under that agreement.

## PENDING MOTIONS

The FSA filed a motion for summary judgment on October 30, 2006. About a month later, William and Phyllis Steiner filed a motion for summary judgment on their cross-claim. Later, they filed a motion to amend that cross-claim to seek an accounting from John Steiner of their father's property, which has apparently been under John's control since Charles's passing. In that amendment, they assert that there is diversity between themselves (residents of Hawaii and Minnesota) and John Steiner (a resident of Idaho), and that the Court has jurisdiction over the cross-claim by virtue of 298 U.S.C. § 1332. That motion is currently pending.

John Steiner responded by filing a Rule 56(f) motion as to both summary judgment motions. Responding to the summary judgment motion filed by William and Phyllis Steiner, John Steiner filed his affidavit to which is attached a copy of a "Last Will and Testament" signed by Charles Steiner. This Will relates that William and Phyllis are being omitted because they already obtained their

**Memorandum Decision and Order – Page 4**

inheritance (including some unspecified "real property"), and then conveys "all of my estate and property, which I may own at the time of my death, unto my son John C. Steiner."  *See Exhibit A to Steiner's Affidavit.*

John Steiner's position is that the Will conveys the entire ranch property to him.  The position of William & Phyllis Steiner is that each heir should obtain an equal share in the ranch property under Idaho's intestacy laws.

With regard to the motion for summary judgment filed by the FSA, John Steiner's Rule 56(f) motion sought discovery on what he claimed was an agreement he had with the FSA concerning payments on the mortgages.  In a supplemental filing, he attached a letter from the local FSA office acknowledging the FSA's consent to that agreement.

The letter caught the FSA's counsel by surprise; she had never seen it before because it apparently never found its way from the local FSA office to headquarters.  She responded with a motion to voluntarily dismiss the FSA's complaint without prejudice.  In that motion, she states that the "FSA is willing to de-accelerate the amount and work with the estate to allow the heirs to continue making payments on the loan."  *See Government's Motion* at p. 2.  That motion is currently pending.

## ANALYSIS

**1.** **<u>Jurisdiction</u>**

The Court will grant the motion of William & Phyllis Steiner to file a third amended cross-claim. This pleading will provide the Court with diversity jurisdiction (and supplemental jurisdiction) over the remaining claims even if the FSA's complaint is ultimately dismissed.

Those remaining claims may require this Court to interpret a will. This raises the issue whether the probate exception applies to this case to divest the Court of jurisdiction. The Supreme Court, in *Marshall v. Marshall*, 126 U.S. 1735, 1748 (2006), held that the probate exception

> reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

In the present case, there is no probate of Charles Steiner's will in the Idaho courts – indeed, Idaho law precludes probate because three years have passed since his death. *See* Idaho Code § 15-3-108. Moreover, title to the ranch property at issue is not being contested in Idaho courts. Thus, there is no chance that this action would interfere with any ongoing Idaho court proceedings, and thus the probate exception does not apply under *Marshal*. *See also*, *Waterman v. Canal-Louisiana Bank & Trust,* 215 U.S. 33 (1909) (holding that probate exception was

**Memorandum Decision and Order – Page 6**

not triggered by interpretation of will that did not interfere with probate proceedings).

## 2. **FSA's Motion to Dismiss Complaint**

The FSA has worked out a settlement with John Steiner that would result in a dismissal of both the FSA's complaint and John Steiner's counterclaim. The settlement is contingent, however, on all parties (including William & Phyllis Steiner) signing a settlement agreement. At the hearing, counsel for William & Phyllis Steiner expressed some concern over the attorney fees provision of the settlement agreement. The issue was not resolved because all counsel wanted time to discuss the matter with their clients. The Court directed counsel that on or before March 21, 2007, they were to either (1) all sign a settlement agreement relating to the FSA's complaint and John Steiner's counterclaim or (2) file a motion to resolve whatever issue is preventing a settlement.

The Court is confident that the former (rather than the latter) will be the course chosen by counsel.

## 3. **John Steiner's Rule 56(f) Motions**

With regard to John Steiner's Rule 56(f) motion directed against the FSA's motion for summary judgment, the pending settlement discussed above may remove the need for discovery on this aspect of the case. If the settlement breaks

**Memorandum Decision and Order – Page 7**

down, the Rule 56(f) motion is well-taken since no discovery has been done, and the discovery of Charles's Steiner's Will injects issues into the case that must be pursued in discovery. *See State v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (holding that "a district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment"). For that reason, the Court will grant the Rule 56(f) motion and deny the FSA's motion for summary judgment, without prejudice to the right of the FSA to re-file the motion after discovery. Of course, this may all be mooted if the settlement goes through.

With regard to John Steiner's Rule 56(f) motion directed against the motion for summary judgment filed by William & Phyllis Steiner, the Court will grant that Rule 56(f) motion for the same reasons as expressed above.

### 4. Litigation Plans

The Court has directed counsel to file a stipulated Litigation Plan on or before March 9, 2007. The Court gave general guidelines as a suggestion to counsel as follows: (1) Amend pleadings within 30 days; (2) Complete discovery within 120 days; and (2) File dispositive motions within 150 days.

### 5. Remaining Claims

Assuming that the FSA and the other parties will reach an agreement, and

**Memorandum Decision and Order – Page 8**

that the FSA's complaint and John Steiner's counterclaim will be dismissed, the Court would be left with the following: (1) the claim of Barnhill and Wintercamp seeking to foreclose their materialman's lien; and (2) the claims of the Steiner heirs to the ranch property and personal property.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that John Steiner's motion for Rule 56(f) continuance as to William and Phyllis Steiner (Docket No. 95) be GRANTED.

IT IS FURTHER ORDERED, that John Steiner's motion for Rule 56(f) continuance as to the FSA (Docket No. 77) is GRANTED.

IT IS FURTHER ORDERED, that the motions for summary judgment filed by the FSA (Docket No. 72) and William and Phyllis Steiner (Docket No. 79) are DENIED without prejudice to the right of these parties to re-file the motions after discovery is completed.

IT IS FURTHER ORDERED, that the parties shall file with the Court a stipulated Litigation Plan on or before **March 9, 2007**.

IT IS FURTHER ORDERED, that the motion of William and Phyllis Steiner to amend (Docket No. 110) is GRANTED.

**Memorandum Decision and Order – Page 9**

IT IS FURTHER ORDERED, that on or before March 21, 2007, all parties shall either (1) sign a settlement agreement relating to the FSA's complaint and John Steiner's counterclaim or (2) file a motion to resolve whatever issue is preventing a settlement.



DATED:  **March 8, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 10**