IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | Case No. CV-05-266-S-BLW |
| ) | |
| v.      ) | **ORDER** |
| ) | |
| THE UNKNOWN HEIRS,      ) | |
| DEVISEES, SUCCESSORS IN      ) | |
| INTEREST AND CLAIMANTS TO      ) | |
| THE ESTATE OF CHARLES W.      ) | |
| STEINER, DECEASED, et al.,      ) | |
| ) | |
| Defendants.      ) | |
| ) | |
| ) | |
| DONALD BARNHILL and      ) | |
| WINTERCAMP RANCH TRUST,      ) | |
| ) | |
| Counter-Crossclaimants,      ) | |
| ) | |
| v.      ) | |
| ) | |
| JOHN CHARLES STEINER, et al.,      ) | |
| ) | |
| Counter-CrossDefendants.      ) | |
| ) | |

Pending before the Court are John C. Steiner's and Lorna Steiner's ("Steiners") Motion for Attorney Fees (Docket No. 130), Donald Barnhill's and Wintercamp Ranch Trust's (collectively "Barnhill") Motion to Strike Reply to

**Order - 1**

Response (Docket No. 134); and Barnhill's Motion to Disallow Steiners' Amended Affidavit of Attorney's Fees (Docket No. 136).

Having reviewed the record, and being otherwise fully informed, the Court enters the following Order denying the Motion for Attorney Fees and finding the remaining Motions moot.

## BACKGROUND

This action was initially commenced by the United States to foreclose mortgages against property in Owyhee County, Idaho.[1] Barnhill asserted a counter-crossclaim against Steiners to foreclose on a claim of lien against the property. The lien had been recorded pursuant to Idaho Code § 45-507 after Steiners allegedly failed to pay the sum of $18,842.63 due for the cost of repairs to a dam serving the property.

Steiners subsequently filed a Motion to Dismiss the counter-crossclaim (Docket No. 124) on the grounds that the claim of lien was invalid because it was not verified as required by statute. Barnhill, while not conceding the invalidity of the claim of lien, filed a Consent to Dismissal (Docket No. 127) recognizing that uncertainty existed as to validity of the claim of lien. The Court then entered an

---

[1] The procedural background involves numerous parties, counterclaims, and crossclaims. The Court will only recite the background necessary for resolution of the pending motions.

**Order - 2**

Order (Docket No. 129) granting the motion to dismiss with prejudice.

Steiners now contend that they are entitled to recover approximately $4,000 in attorney fees pursuant to Idaho Code § 12-120(1)[2] for successfully defending Barnhill's claim. Relying on *Cornerstone Builders, Inc. v. McReynolds*, 41 P.3d 271 (Ct. App. Idaho 2001), Steiners contend that Idaho Code § 12-120(1) is applicable to lien foreclosure actions where the amount of the lien is less than $25,000. Barnhill objects, not only by attempting to distinguish *Cornerstone,* but also by arguing that Steiners were not prevailing parties, that they were unlikely to have prevailed on their motion to dismiss, that § 12-120(1) does not apply to lien

---

[2] In relevant part, Idaho Code § 12-120 provides:

(1) Except as provided in subsections (3) and (4) of this section, in any action where the amount pleaded is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees. For the plaintiff to be awarded attorney's fees, for the prosecution of the action, written demand for the payment of such claim must have been made on the defendant not less than ten (10) days before the commencement of the action; provided, that no attorney's fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety-five percent (95%) of the amount awarded to the plaintiff.

(2) The provisions of subsection (1) of this section shall also apply to any counterclaims, cross-claims or third party claims which may be filed after the initiation of the original action. Except that a ten (10) day written demand letter shall not be required in the case of a counterclaim.

**Order - 3**

foreclosure actions, and that the attorney fees were unreasonable.

## DISCUSSION

The Court finds Steiners' reliance on *Cornerstone* misplaced and Barnhill's attempts to distinguish *Cornerstone* unnecessary. In *Cornerstone*, the Idaho Court of Appeals upheld an award of attorney fees under § 12-120(1) to a homeowner it found to have been a prevailing party in a lien foreclosure action. *Cornerstone*, 41 P.3d at 274-75. The court engaged in no analysis whatsoever of whether § 12-120(1) applied to lien foreclosure actions. Rather, it appears to have assumed the statute applied simply because the amount claimed under the lien was under $25,000.

The Court further finds that *L&W Supply Corp. v. Chartrand Family Trust*, 40 P.3d 96 (Idaho 2002) to be more apt. In *L&W Supply*, the Idaho Supreme Court specifically addressed the issue of whether a party who successfully defended a lien foreclosure action was entitled to attorney fees under § 12-120(1). Construing the statute narrowly, as it felt constrained to do under its prior decisions, the court denied the request for attorney fees reasoning that a lien foreclosure action is an in rem proceeding against property rather than a "personal charge" against the owner. *Id.* (citing *Aberdeen-Springfield Canal Co. v. Peiper*, 982 P.2d 917, 930 (Idaho 1999)). The court further explained that although the "pleadings reference [less

Order - 4

than $25,000], the prayer for relief . . . does not truly seek monetary damages, but instead seeks enforcement of a statutory right to sell the property." *Id.*

Here, Barnhill's sole cause of action was for lien foreclosure pursuant to Idaho Code § 45-501, *et seq.* He requested the property be sold to satisfy the alleged amount due of $18,842.63 together with interest, costs of sale, and attorney fees. He did not request a judgment against Steiners personally for that amount. Accordingly, the Court finds that *L&W Supply Corp.* is controlling and that Steiners' Motion for Attorney Fees must be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Steiners' Motion for Attorney Fees (Docket No. 130) is DENIED.

IT IS FURTHER HEREBY ORDERED that Barnhill's Motion to Strike Reply to Response (Docket No. 134) and Barnhill's Motion to Disallow Steiners' Amended Affidavit of Attorney's Fees (Docket No. 136) are MOOT.

DATED: **April 11, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

Order - 5